UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RANDYS RUIZ,<br><br>　　　　　　　　*Defendant.* | Order<br><br>24 Mag. 883 |

　　　　　WHEREAS, pursuant to Title 18, United States Code, Section 4247(b), and the Court's Order dated February 29, 2024, a qualified examiner, Ashley Jenkins, Psy.D., prepared a competency evaluation, dated April 1, 2024, of RANDYS RUIZ at the Metropolitan Detention Center, which was reviewed by Kari M. Schlessinger, Psy.D., Ph.D., ABPP (the "Competency Evaluation");

　　　　　WHEREAS, pursuant to Title 18, United States Code, Section 4247(c), the Competency Evaluation was provided to the Court with copies for defense counsel Calvin Scholar, Esq., and Assistant United States Attorney Diarra M. Guthrie;

　　　　　WHEREAS, the Competency Evaluation concluded within a reasonable degree of psychological certainty that Mr. Ruiz is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense;

　　　　　WHEREAS, neither defense counsel nor the United States Attorney's Office has objections to the Competency Evaluation; and

　　　　　WHEREAS, after reviewing the Competency Evaluation, this Court finds that Mr. Ruiz is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense;

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 424l(d), that Mr. Ruiz be committed to the custody of the Attorney General of the United States; and it is further

ORDERED, pursuant to 18 U.S.C. § 424l(d)(l), that Mr. Ruiz be committed to the custody of the Attorney General for the purpose of hospitalizing Mr. Ruiz as soon as possible in a suitable facility for treatment for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future Mr. Ruiz will attain the capacity to permit criminal proceedings to go forward against him; and it is further

ORDERED that the Bureau of Prisons ("BOP") shall designate and transport Mr. Ruiz to the suitable facility at which Mr. Ruiz will be hospitalized as expeditiously as possible; and it is further

ORDERED that a BOP Federal Medical Center for prisoners is a "suitable facility" under 18 U.S.C. §§ 424l(d) and 4247(a)(2); and it is further

ORDERED that the period, not to exceed four months, for Mr. Ruiz's commitment pursuant to 18 U.S.C. § 424l(d)(l) shall commence upon his arrival at the suitable facility; and it is further

ORDERED that, should the suitable facility find at any time that Mr. Ruiz has attained the capacity to permit criminal proceedings to go forward against him, the BOP shall notify the Court as soon as practicable; and it is further

ORDERED that, upon the expiration of 30 days from the date of this Order, the BOP shall provide an interim report to the Court, the United States Attorney's Office, and defense counsel

regarding the defendant's medical and psychological condition; the diagnosis of the examiner(s) at the suitable facility where the defendant is hospitalized who are assigned to examine the defendant; and the view of the examiner(s) as to prognosis; and it is further

ORDERED that at the conclusion of the examination, evaluation, and treatment of Mr. Ruiz in accordance with this Order, the BOP shall make a report of its findings as provided by 18 U.S.C. §§ 4247(c)(l), (2),(3), and (4)(A); and it is further

ORDERED that in evaluating Mr. Ruiz and preparing any and all of the reports required by this Order, the examiner(s) at the suitable facility where Mr. Ruiz is hospitalized who are assigned to examine Mr. Ruiz shall consider, among any other pertinent materials, the report referenced in this Order, as well as any other documents that the Court may direct, and that the Government shall, to the extent necessary, provide copies of all such documents to the relevant person(s) at the suitable facility where Mr. Ruiz is hospitalized; and it is further

ORDERED that in light of the above-captioned prosecution of Mr. Ruiz and the consequent need for his counsel to have contact with Mr. Ruiz during this period, the receiving facility shall arrange with Mr. Ruiz's counsel an orderly means and method for counsel to have attorney-client contact with Mr. Ruiz during this period of confinement; and it is further

ORDERED that, to the extent Mr. Ruiz is in custody within the Southern District of New York and to the extent practicable, Mr. Ruiz shall have visitation rights with his family members during this period of confinement; and it is further

ORDERED that, to the extent Mr. Ruiz is transferred to a suitable facility outside of the Southern District of New York, the BOP shall notify the Court and the parties with one week's notice, if practicable; and it is further

ORDERED that the Government ensure that this Order is provided promptly to the appropriate personnel at the BOP and U.S. Marshals Service so that there are no undue delays in the designation and transportation of Mr. Ruiz; and it is further

ORDERED that copies of any medical, psychiatric and/or psychological reports provided to the Court be provided to Assistant United States Attorney Diarra M. Guthrie, 26 Federal Plaza, New York, New York, 10278, and defense counsel Calvin H. Scholar, Esq., The C.H. Scholar Law Firm, P.L.L.C., 225 Broadway, Suite 715, New York, New York 10007, and/or any successor counsel appointed to represent Mr. Ruiz; and it is further

ORDERED that, in light of the commitment of Mr. Ruiz to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 424l(d), time under the Speedy Trial Act shall be excluded until further order of this Court, as such time involves a period of delay resulting from proceedings to determine the mental competency of Mr. Ruiz, see 18 U.S.C. § 3161(h)(l)(A).

SO ORDERED:

April __8__, 2024
New York, New York

_____
HON. JENNIFER E. WILLIS
United States Magistrate Judge